IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DIANE McNAMARA,

        Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Civil No. 11-cv-00173-HZ

OPINION & ORDER

Tim D. Wilborn
WILBORN LAW OFFICE, P.C.
Tim Wilborn, Attorney at Law
P.O. Box 370578
Las Vegas, NV 89137

    Attorney for Plaintiff

Adrian L. Brown
U.S. ATTORNEY'S OFFICE
DISTRICT OF OREGON
1000 S.W. Third Ave., Suite 600
Portland, OR 97204

PAGE 1 - OPINION AND ORDER

Leisa A. Wolf
SOCIAL SECURITY ADMINISTRATION
Office of General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

    Attorneys for Defendant

HERNANDEZ, District Judge:

Now before me is an unopposed motion for attorney fees (doc. #20) filed by Tim Wilborn, the attorney for Diane McNamara. Wilborn seeks an award under the Social Security Act, 42 U.S.C. § 406(b), for attorney fees in the sum of $4,950.

## BACKGROUND

This case was filed on February 10, 2011, and pursuant to a stipulated motion for remand, was remanded for further administrative proceedings. On remand, the Commissioner of Social Security ("Commissioner") found Plaintiff disabled. This Court adopted the Commissioner's ultimate disability determination on March 24, 2013. On May 2, 2013, this Court granted Wilborn's application for attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), totaling $1,799.31 and $350, respectively.

## STANDARD

42 U.S.C. § 406(b) provides, in pertinent part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).

/ / /

PAGE 2 - OPINION AND ORDER

**DISCUSSION**

In determining a § 406(b) fee request, the court must start with the amount agreed upon by the claimant and her attorney, evaluating only whether that amount should be reduced for one of three reasons: (1) because "the attorney provided substandard representation," (2) because "the attorney . . . engaged in dilatory conduct in order to increase the accrued amount of past-due benefits," or (3) because "the 'benefits are large in comparison to the amount of time counsel spent on the case.'" Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002)). "[A]s an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, but not as a basis for satellite litigation, the court may require counsel to provide a record of the hours worked and counsel's regular hourly billing charge for noncontingent cases." Id. (internal quotation marks omitted). The attorney bears the burden of establishing that the fee sought is reasonable. Id.

Here, the terms of the contingent-fee agreement between Plaintiff and Wilborn are within the statutory limits of 42 U.S.C. § 406. See Mem. in Supp., p. 11. Nothing in the record shows that Wilborn provided substandard representation or that Wilborn engaged in dilatory conduct in order to increase the accrued amount of past-due benefits. Based on the 9.9 hours Wilborn expended on this case and his total fee request of $4,950, his hourly rate is $500 per hour. Nothing in the record indicates Wilborn's hourly fee is unreasonable or that the total sum of requested attorney fees under the circumstances here are unreasonable.

**CONCLUSION**

For the foregoing reasons, Wilborn's unopposed motion for attorney fees pursuant to 42 U.S.C. § 406(b) (doc. #20) is GRANTED. Accordingly, Wilborn is to be awarded $4,950, less

the EAJA award of $2,149.31, for a net award of $2,800.69 to be paid from Plaintiff's past-due benefits.

IT IS SO ORDERED.

Dated this 14 day of May, 2013.

_____
MARCO A. HERNANDEZ
United States District Judge